IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR PACKWOOD and ANDREA WOOD,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>Defendants. | Case No. 22-cv-02741-MMC<br><br>**ORDER GRANTING COUNTY DEFENDANTS' REQUEST TO FIND PLAINTIFF ANDREA WOOD A VEXATIOUS LITIGANT; DENYING WITHOUT PREJUDICE REQUEST TO FIND PLAINTIFF TAYLOR PACKWOOD A VEXATIOUS LITIGANT** |

Defendants County of Contra Costa ("County"), Contra Costa Children and Family Services ("CFS"), Contra Costa County Office of the Sheriff ("Office of the Sheriff"), David Livingston ("Sheriff Livingston"), Kellie Case ("Case"), Edyth Williams ("Williams"), Cecelia Gutierrez ("Gutierrez"), and Acadia Chidi ("Chidi") (collectively, "County Defendants") have filed a "Motion to Dismiss the First Amended Complaint and Request to Declare Plaintiffs Vexatious Litigants."  By separate order filed concurrently herewith, the Court has granted in part and denied in part the motion to dismiss.  In the instant order, the Court rules on County Defendants' request for an order declaring plaintiffs Taylor Packwood ("Packwood") and Andrea Wood ("Wood") vexatious, which request has been joined by defendants Erica Bains and Ravinder Bains (collectively, "the Bains").

**LEGAL STANDARD**

A district court has "inherent power to enter pre-filing orders against vexatious litigants."  See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  Before a district court may issue an order finding a litigant vexatious and imposing pre-filing restrictions, however, the court must (1) provide the litigant "with adequate notice and a chance to be heard before the order [is] filed," (2) "include a listing of all the cases

and motions that led the district court to conclude that a vexatious litigant order [is] needed," (3) "make substantive findings as to the frivolous and harassing nature of the litigant's actions," and (4) "narrowly tailor[ ]" the order "to closely fit the specific vice encountered."  See De Long v. Hennessey, 912 F.2d 1144, 1447-48 (9th Cir. 1990) (internal quotation and citation omitted).

## DISCUSSION

In 2017, the County instituted in the Superior Court of California, in and for the County of Contra Costa, child dependency proceedings pertaining to Wood's three minor children.[1]  County Defendants argue that plaintiffs are vexatious litigants, Wood's having instituted against the County and its employees a number of actions challenging the removal of the children from Wood's home as well as the ensuing state court proceedings, with Packwood joining as a plaintiff in several of those actions.  The Bains, who were neighbors of Wood at the time the dependency proceedings were instituted and who were foster parents to at least one of Wood's children for some period of time, have also been named as defendants in the majority of those lawsuits.

The Court addresses in turn below the showing made as to each of the claimed vexatious litigants, starting with Packwood.

### A.  Packwood

As set forth below, Wood has filed ten civil actions in this district.  Of those actions, three have included claims asserted on behalf of Packwood, Wood's eldest son.  In two of those actions, discussed in more detail below, Packwood's claims were dismissed without prejudice, as he had not reached the age of majority when those lawsuits were pending and he did not appear through counsel.  The third action is the instant case, in which the Court has found Packwood, having reached the age of majority, has, at the pleading stage, stated a viable Fourth Amendment claim against two County employees.

---

[1] Packwood, the oldest of the three children, was a minor in 2017 and has now reached the age of majority.

2

Under such circumstances, the Court finds Packwood has not engaged in the type of frivolous or harassing conduct against either County Defendants or the Bains, that could support issuance of vexatious litigant order.

Accordingly, to the extent County Defendants request the Court issue an order finding Packwood a vexatious litigant, the request will be denied without prejudice to renewal if circumstances change.

**B. Wood**

    **1. Notice**

County Defendants' motion to dismiss, which, as noted, includes a request that the Court find Wood to be a vexatious litigant, provides ample notice to Wood of the specific civil actions on which they base their request. Further, Wood has been afforded the opportunity to respond to the motion, and she has done so. (See Doc. No. 56.)

In addition to the notice provided by County Defendants in the instant case, the Court has provided Wood with notice, in two prior cases she has filed, that filing frivolous or harassing litigation may result in a finding that she is a vexatious litigant.

First, in a prior case instituted by Wood in 2019, the Court, by order filed October 15, 2019, addressed separate requests filed, respectively, by County Defendants and Mary P. Carey ("Carey"), an attorney who represented Woods in the dependency proceeding, both requests seeking an order finding Wood a vexatious litigant. (See Wood v County of Contra Costa, et al., Civil Case No. 19-4266 MMC, Doc. No. 57.) In said order, the Court found Wood, as of the date of said order, had filed in this district five actions challenging the County's removal of Wood's children and the manner in which the subsequent state court dependency proceedings had been conducted. As the Court explained, two of those five actions had been dismissed as of October 15, 2019, and, although those two dismissed actions were wholly without merit, the remaining three actions were pending before other district judges and without a decision as to the viability of Wood's claims made therein. Under such circumstances, the Court found an insufficient showing for a vexatious litigant order had been made. The Court, however,

denied the requests without prejudice to renewal if circumstances changed, thereby providing notice to Wood that if she continued to file meritless actions pertaining to the removal and the dependency proceedings, the Court might well grant a renewed request that she be deemed a vexatious litigant.

More recently, in a case filed by Wood in 2021, the Court, by order filed October 6, 2021, granted a renewed request by Carey to declare Wood a vexatious litigant, in light of Carey's showing that, by that date, Wood had filed, in addition to the two dismissed actions that the Court previously found to be wholly without merit, two other actions that included, as against Carey, wholly meritless claims that were based on the same set of facts as the two previously dismissed actions, namely, challenges to the manner in which Carey had represented Wood in the dependency proceedings.  (See Wood, et al. v. County of Contra Costa, et al., Civil Case No. 21-611 MMC, Doc. No. 70.)  In accordance with its determination that Wood was a vexatious litigant, the Court imposed a pre-filing requirement, specifically, an order prohibiting Wood from filing any additional action against Carey predicated on Carey's representation of Wood in the dependency proceedings, without first obtaining permission to do so from the duty judge of this District.[2]  Said order provided notice to Wood that, if she filed additional meritless cases against other defendants, the Court might well grant a renewed request made by those parties that she be declared a vexatious litigant as to claims asserted against them as well.

**2. Summary of Wood's Civil Actions**

The Court next summarizes the civil actions on which County Defendants rely, specifically, ten cases Wood has filed in this district.

The first-filed case in this district was Wood v. County of Contra Costa, et al., Civil Case No. 19-2678 JD, filed May 17, 2019 (hereinafter, "Wood 1"), in which action Wood,

---

[2] On August 25, 2022, the Court of Appeal for the Ninth Circuit affirmed the Court's order granting Carey's motion that Wood be declared a vexatious litigant.

asserting claims under 42 U.S.C. § 1983, the First Amendment, the Fourteenth Amendment, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), alleged that two state court judges who had issued rulings in the child dependency proceedings entered into a conspiracy with the County, two social workers employed by the County, the attorney who represented the County, an attorney who represented one of Wood's children, Carey, who, as noted, represented Wood, and Erica Bains, the alleged object of said conspiracy being to deprive Wood of the custody of her children. (See Wood 1 Doc. No. 8 ¶¶ 25, 74, 82-83, 85, 96-97, 118.)  According to Wood, the County employees' acts in furtherance of the alleged conspiracy included "witness tampering" (see id. ¶ 94), "perjury" (see id. ¶ 101), and "obstruction of justice" (see id. ¶ 135), while Erica Bains' alleged participation consisted of "concoct[ing] a false report of neglect" (see id. ¶ 55) and "coach[ing]" Packwood to "tell untruths about [Wood]" (see id. ¶ 88).  After a number of defendants, including County Defendants and Erica Bains, had filed motions to dismiss and those motions had been fully briefed, but before the district judge assigned to the matter had made any ruling thereon, Wood voluntarily dismissed the case without prejudice.  (See id. Doc. No. 40.)

In Wood v. County of Contra Costa, et al., Civil Case No. 19-3885 EJD, filed July 5, 2019, (hereinafter, "Wood 2"), Wood asserted she was entitled to a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2243, based on the theory that two of Wood's children, specifically, H.P. and K.P., were unlawfully being held in the custody of the County.  In support of the petition, Wood asserted that the County lacked any basis to remove the children from Wood's custody (see Wood 2 Doc. No. 1 ¶¶ 14, 17-19, 66, 69, 71), that social workers had committed perjury and other unlawful acts during the course of the dependency proceedings (see id. ¶¶ 19, 26-27, 33, 43), that social workers did not allow Wood to visit H.P. (see id. ¶ 28, 31), and that the state judge assigned to the dependency proceeding had, along with Wood's attorney Carey, "obstruct[ed] justice" (see id. ¶¶ 24-25, 34).  The suit was brought against the state court judge who placed the children in foster care, the County, the Bains, and an individual named Benjamin

Packwood. By order filed November 12, 2019, District Judge Edward J. Davila granted motions to dismiss the petition, including motions filed by the County and by the Bains, finding that, under "clear Supreme Court precedent," habeas relief is "unavailable in child custody cases." (See id. Doc. No. 55 at 2-3.)

In Wood v. Chidi, et al., Civil Case No. 19-4202 JD, filed July 22, 2019 (hereinafter "Wood 3"), Wood asserted, under § 1983 and the Fourteenth Amendment, claims against the County and two social workers, based on the alleged failure by those social workers to allow Wood to visit H.P. (See Wood 3 Doc. No. 1 ¶¶ 10, 16, 27.b.) By order filed March 31, 2020, District Judge James Donato dismissed the complaint for lack of subject matter jurisdiction, finding that, under Supreme Court precedent, challenges to the manner in which a child was being held in state custody were matters over which state courts had sole jurisdiction. (See id. Doc. No. 39; see also id. Doc. No. 42.)

In Wood v. Williams, et al., Civil Case No. 19-4247 JD, filed July 24, 2019 (hereinafter, "Wood 4"), Wood asserted, under § 1983, the Fourteenth Amendment, and state law, claims against the County and one social worker, based on the conditions of custody to which K.P. was allegedly subjected in foster care. (See Wood 4 Doc. No. 1 ¶¶ 10-14, 20). By order filed March 31, 2020, District Judge James Donato dismissed the complaint for lack of subject matter jurisdiction, finding, as he did in Wood 3, that challenges to the manner in which a child was being held in state custody were matters over which state courts had sole jurisdiction. (See id. Doc. No. 30; see also id. Doc. No. 33.)

In Wood v County of Contra Costa, et al., Civil Case No. 19-4266 MMC, filed July 25, 2019 (hereinafter, "Wood 5"), Wood asserted claims essentially indistinguishable from those asserted in Wood 1, namely, claims under § 1983, the First Amendment, the Fourteenth Amendment, and RICO, based on the theory that two state court judges who had issued rulings in the dependency proceedings entered into a conspiracy with the County, social workers, attorneys who represented parties in the dependency proceedings, and Erica Bains to deprive Wood of the custody of her children. (See Wood

5 Doc. No. 9 ¶¶ 20, 53, 63-64, 66, 81, 84, 103, 112, 114.)  The sole substantive difference between Wood 1 and Wood 5 was that, in Wood 5, Wood included Cecilia Gutierrez, a social worker employed by the County, as an additional named defendant and alleged said social worker aided the conspiracy by filing with the state court a "malicious Detention Report."  (See id. ¶ 19.)  By order filed October 8, 2019, this Court granted all motions to dismiss that had been filed, including those filed by County Defendants and Erica Bains, finding the Court, under the Rooker-Feldman doctrine, lacked jurisdiction to consider Wood's claims (see id. Doc. No. 54 at 5:21-7:21), and, in the alternative, that, under the Younger doctrine, the Court would abstain from considering Wood's claims (see id. at 7:22-9:13).

      In Wood v. County of Contra Costa, et al., Civil Case No. 19-7124 MMC, filed October 29, 2019 (hereinafter, "Wood 6"), Wood asserted one claim, which claim was essentially indistinguishable from a claim asserted in Wood 5, namely, a RICO claim predicated on the theory that the two state court judges named in Wood 5 conspired with the County, county employees, attorneys who represented parties in the dependency proceedings, and the Bains to deprive of Wood of custody of her children.  (See Wood 6 Doc. No. 1 ¶¶ 22, 30, 32-34, 50, 53, 72, 81.)  The sole substantive differences between the RICO claim alleged in Wood 5 and the RICO claim alleged in Wood 6 were that, in Wood 6, Wood (1) included Ravinder Bains as an additional defendant and alleged that he, along with Erica Bains, had "pointed surveillance cameras at [Wood's] house" (see id. ¶¶ 13, 17) and (2) removed as a defendant the attorney who represented the County in the dependency proceedings, albeit while continuing to allege that said attorney's "office," i.e., "the County Attorney's Office," was a member of the asserted conspiracy (see id. ¶ 32).  By order filed December 3, 2019, the Court, after affording Wood an opportunity to show cause why Wood 6 should not be dismissed for the reasons the RICO claim in Wood 5 had been dismissed, found Wood 6 was subject to dismissal under the Rooker-Feldman and Younger doctrines, i.e., the same reasons for which Wood 5 was dismissed.  (See id. Doc. No. 11; see also id. Doc. No. 8.)

7

In Wood, et al. v. County of Contra Costa, et al., Civil Case No. 19-7597 MMC, filed November 19, 2019 (hereinafter, "Wood 7"), Wood and Packwood, then a minor, asserted against the County, a County department, four County employees, the Bains, the State of California, as well as two State agencies, claims under § 1983 and claims for declaratory relief, all of said claims arising from the removal of Wood's children and the manner in which the subsequent dependency proceedings had been conducted. Wood 7 differed from Wood 1, Wood 5, and Wood 6, only in that Wood (1) no longer alleged any state court judges were members of the conspiracy, but, rather, that the County, a County department, four County employees, and the Bains conspired to unlawfully remove Wood's children from her custody (see Wood 7 Doc. No. 57 ¶¶ 145-55), and (2) added claims against the State and state agencies, on the theory that California statutes identifying the circumstances that must exist before a state court can find a minor to be a dependent of the court were unconstitutional (see id. ¶¶ 159-68, 171-81, 184-96), and that Wood was entitled, in the dependency proceedings, to the same rights as are afforded criminal defendants (see id. ¶¶ 198-204). By order filed October 14, 2020, the Court granted all motions to dismiss that had been filed, including those filed by County Defendants and Erica Bains, finding the majority of Wood's claims were barred by the Rooker-Feldman doctrine, the Younger doctrine, or, to the extent a few of Wood's claims did not implicate either of those doctrines, the applicable statute of limitations. (See id. Doc. No. 93.)[3]

In Wood, et al. v. County of Contra Costa, et al., Civil Case No. 21-611 MMC, filed January 21, 2021 (hereinafter, "Wood 8"), Wood asserted, on her own behalf and on behalf of Packwood, who was still a minor at the time, § 1983 claims against a state court

---

[3] Wood 7 procedurally differed from all of Wood's other federal cases, in that Wood and Packwood were represented by counsel when the action was filed. Said counsel, however, died during the pendency of Wood 7 and, thereafter, Wood proceeded pro se. As Packwood was a minor during the pendency of Wood 7, and no other counsel appeared on his behalf, the Court dismissed his claims without prejudice to his refiling them when he reached the age of majority.

judge assigned to the child dependency proceedings, the County, a County department, two social workers, Carey and other attorneys representing parties in the dependency proceedings, the State of California, and the Bains.  The allegations in support of Wood's claims consisted of those made in one or more of Wood's previously filed actions.  (See, e.g., Wood 8 Doc. No. 4 at 2 (challenging County's "unwarranted seizure of Wood's children"); id. at 4, 17 (alleging Wood had been "denied" visits with H.P.); id. at 8 (alleging conditions of custody applicable to K.P. were "inhumane"); id. at 10-11 (alleging "claims" County made in dependency proceedings were "false"); id. at 19 (alleging Wood's children gave "[c]oerced testimony").)  By order filed May 17, 2021, the Court (1) granted Carey's motion to dismiss, finding Carey was not a state actor and, consequently, could not be sued under § 1983, and (2) dismissed Packwood's claims, as he was still a minor and had not appeared through counsel.  (See id. Doc. No. 48.)  By order filed June 21, 2021, the Court, after affording Wood an opportunity to show cause why her claims against all of the other defendants should not be dismissed for failure to timely serve any of them, dismissed those claims pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (See id. Doc. No. 56; see also id. Doc. No. 49.)

       In Wood v. County of Contra Costa, et al., Civil Case No. 21-2203 EJD, filed March 30, 2021 (hereinafter, "Wood 9"), Wood sought, for the second time, issuance of a writ of habeas corpus, based on her claim that H.P. and K.P. were being unlawfully held in state custody.  In support thereof, Wood repeated the allegations made in Wood 2, namely, that the County lacked any basis to remove the children from her custody (see Wood 9 Doc. No. 1 ¶¶ 14, 17-19, 73, 77, 79), that social workers had committed perjury and other unlawful acts during the course of the dependency proceedings (see id. ¶¶ 19, 26-27, 34, 44), that social workers did not allow Wood to visit H.P. (see id. ¶¶ 28, 32), and that the state judge assigned to the dependency proceeding, had, along with Wood's attorney Carey, "obstruct[ed] justice" (see id. ¶¶ 24-25, 35).  Indeed, a comparison of Wood 2 and Wood 9 reveals that, with the exception of new allegations in Wood 9 pertaining to the conditions of K.P.'s custody (see id. ¶ 66), the pleadings are virtually

identical, including the names of the respondents, specifically, the County, a state court judge, the Bains, and Benjamin Packwood.  By order filed November 12, 2019, District Judge Edward J. Davila dismissed Wood 9 "for the same reason" that Wood 2 was dismissed, namely, that, under "clear Supreme Court precedent," habeas relief is "unavailable in child custody cases." (See Wood 9 Doc. No. 6 at 2:25-3:18.)

The last action on which County Defendants rely is the instant action, Wood, et al. v. County of Contra Costa, et al., Civil Case No. 22-2741, filed May 6, 2022 (hereinafter, "Wood 10").  In Wood 10, Wood asserted claims under § 1983 against the County, two County agencies, the County Sheriff, four County social workers, Carey, and the Bains, which claims arose from her allegations that her children were wrongfully removed, that the subsequent dependency proceedings were conducted in an unconstitutional manner, that social workers did not allow Wood to visit H.P, and that K.P. was subjected to unlawful conditions of custody, allegations essentially indistinguishable from claims made by Wood in many of her prior actions.  (See, e.g., Wood 10 Doc. No. 1 ¶ 59 (asserting due process deprivation claim based on allegation that defendants "engaged in illegal acts such as giving false testimony, falsifying testimony in official reports, and suborning perjured testimony").)  After motions to dismiss had been filed on behalf of all defendants, Wood voluntarily dismissed her claims.  (See id. Doc. No. 43.)

### 3. Appropriateness of Pre-Filing Order

The Court next considers whether the Court has before it an adequate record upon which to declare Wood a vexatious litigant, warranting imposition of a pre-filing order.  Such an order is appropriate where a plaintiff has filed an "inordinate" number of "frivolous" complaints or, alternatively, where a plaintiff's filings "show a pattern of harassment."  See Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1064 (9th Cir. 2014) (internal quotation and citation omitted).  As set forth below, the Court finds both of the alternative requirements are satisfied.

#### a. Frivolousness

As noted, the Court, on October 15, 2019, in denying County Defendants' first

request for an order declaring Wood a vexatious litigant, nonetheless found both Wood 1 and Wood 5 were frivolous, each such case being barred in its entirety by the Rooker-Feldman doctrine and the Younger doctrine.

At the time County Defendants' first request was denied, Wood 2, Wood 3, and Wood 4 were pending without any substantive ruling having been issued. Subsequent thereto, however, each of those actions, as discussed above, was dismissed in light of settled Supreme Court precedent. Consequently, the Court finds the complaints filed in Wood 2, Wood 3, and Wood 4 were frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding complaint that "lacks an arguable basis . . . in law" is "frivolous").

The remaining five cases on which County Defendants rely were filed after October 15, 2019, and each of those cases, as discussed above, duplicates, in essence, the frivolous claims asserted in one or more of Wood's earlier five cases. Consequently, the Court finds the complaints filed in Wood 6 and Wood 9 were frivolous, and that the complaints filed in Wood 7, Wood 8, and Wood 10 were frivolous to the extent they contained claims asserted by Wood.

Lastly, the Court finds the number of frivolous complaints filed in this district against the County and one or more County employees, specifically, ten in which the County was named, of which eight included claims against its employees, is inordinate, as are the number of frivolous complaints filed in this district against the Bains, namely, eight naming Erica Bains and six naming Ravinder Bains.

### b. Pattern of Harassment

As noted, the County has been named as a defendant in all ten of the above-discussed cases, County employees have been named in eight of those cases, and at least one of the Bains has been named in eight of those cases. As a result, County Defendants and the Bains have been required to repeatedly file motions to dismiss in response to Wood's frivolous claims, and there is no indication that any of the orders granting those motions has had any effect on Wood. For example, in dismissing Wood's first petition for a writ of habeas corpus, the district court assigned thereto set forth the

Supreme Court precedent that categorically barred the type of claim raised in Wood's petition, and yet approximately a year and half later, Wood filed a second petition for a writ of habeas corpus that is essentially indistinguishable from her petition. More recently, in the instant action, Wood has repeated claims made in many of her previous lawsuits, and, although Wood voluntarily dismissed her claims in the instant action, she did so only after County Defendants and the Bains were first required to expend resources to respond to the matter with a motion to dismiss.

Given the number of civil actions, the repetitive nature of their content, and the filing of repetitive complaints after Wood was expressly advised by the judges in her earlier-filed cases as to the lack of merit of her claims, the Court finds Wood's filings in this district against County Defendants and the Bains are reflective of a pattern of harassment.

**4. Narrowly Tailored**

As set forth below, the Court will limit the scope of a pre-filing order to claims against County Defendants or the Bains that arise from the removal of her children from her custody, the subsequent child dependency proceedings, or the conditions of custody applicable to her children.

**CONCLUSION**

For the reasons stated above, County Defendants' request, joined by the Bains, for imposition of a vexatious litigant order is hereby DENIED as to Packwood and GRANTED as to Wood as follows:

1. Andrea Wood is hereby DECLARED a vexatious litigant.

2. The Clerk of Court shall not file or accept any further complaint from Wood, where such complaint asserts, as against the County of Contra Costa, any department of the County of Contra Costa, any employee of the County of Contra Costa, including, but not limited to, Kellie Case, Acadia Chidi, Cecelia Gutierrez, David Livingston, Patricia Lowe, Precious Nichols, or Edyth Williams, any claim based on the 2017 removal of Wood's children from her custody, the subsequent child dependency proceedings in the

Superior Court of California, in and for the County of Contra Costa, or the conditions of custody applicable to Wood's children, unless and until the complaint has first been reviewed by the general duty judge of this district and approved for filing.

Additionally, the Clerk of Court shall not file or accept any further complaint from Wood, where such complaint asserts, as against Erica Bains or Ravinder Bains, any claim based on the 2017 removal of Wood's children from her custody, the subsequent child dependency proceedings in the Superior Court of California, in and for the County of Contra Costa, or the conditions of custody applicable to Wood's children, unless and until the complaint has first been reviewed by the general duty judge of this district and approved for filing.

3. If Wood wishes to file such a complaint, she shall provide a copy of the complaint, a letter requesting the complaint be filed, and a copy of this Order to the Clerk of Court. The Clerk shall then forward the complaint, letter, and copy of this Order to the general duty judge for a determination as to whether the complaint should be accepted for filing.

**IT IS SO ORDERED.**

Dated: April 7, 2023

MAXINE M. CHESNEY
United States District Judge